Jennifer A. Golinveaux (SBN 203056)
jgolinveaux@winston.com
Irina V. Lyapis (SBN 298723)
ilyapis@winston.com
**WINSTON & STRAWN LLP**
101 California Street, 35th Floor
San Francisco, CA  94111-5840
Telephone:   (415) 591-1000
Facsimile:   (415) 591-1400

Diana Hughes Leiden (SBN 267606)
dhleiden@winston.com
**WINSTON & STRAWN LLP**
333 South Grand Avenue, 38th Floor
Los Angeles, CA  90071-1543
Telephone:   (213) 615-1700
Facsimile:   (213) 615-1750

Attorneys for Plaintiff
KITTYHAWK.IO, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KITTYHAWK.IO, INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>    v.<br><br>KITTY HAWK CORPORATION, a Delaware corporation,<br><br>           Defendant. | Case No. _____<br><br>**COMPLAINT FOR TRADEMARK AND TRADE NAME INFRINGEMENT, UNFAIR COMPETITION, AND FALSE ADVERTISING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Kittyhawk.io, Inc. ("Plaintiff" or "Kittyhawk"), by and for its complaint against

Defendant Kitty Hawk Corporation ("Defendant" or "Kitty Hawk Corporation"), alleges as follows:

# INTRODUCTION

1. This dispute arises out of Silicon Valley-based autonomous aircraft start-up Kitty Hawk Corporation's unauthorized and unlawful adoption and use of the Kitty Hawk trade name and mark, which is confusingly similar (and nearly identical) to the KITTYHAWK mark owned by neighboring San Francisco-based Plaintiff, Kittyhawk.

2. Despite Kittyhawk's senior rights to KITTYHAWK for goods and services relating to drone aircraft, Kitty Hawk Corporation has chosen to adopt the nearly identical trade name and mark Kitty Hawk to promote its closely similar autonomous aircraft and air transportation services. Kitty Hawk Corporation has announced plans to come to market with its goods and services in the next several months and has received widespread national press and fanfare about its plans. Meanwhile Kittyhawk is rapidly growing and entering into prominent partnerships, including with the Federal Aviation Administration ("FAA"), and also receiving widespread national press.

3. As could be expected, two cutting edge San Francisco Bay Area drone aircraft-related companies using the same distinctive name is generating widespread confusion in the marketplace, with both companies' potential customers, business partners, investors, and employees, as well as press outlets and Kittyhawk's own customer base repeatedly confusing the two companies. The ongoing confusion is seriously undermining the value and strength of Kittyhawk's brand and its ability to promote itself in the marketplace. Kittyhawk brings this action now to stop the ongoing confusion, which will only increase once Kitty Hawk Corporation full scale launches its product.

# JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the federal Lanham Act relating to trademarks (15 U.S.C. § 1125(a)), and this Court has jurisdiction over the state law unfair competition claims herein pursuant to 28 U.S.C. § 1338(b) because such claims are joined with a substantial and related claim under the federal Lanham Act.  Further, this Court may exercise supplemental jurisdiction over Kittyhawk's claims that arise under the laws of the State of California and California common law pursuant to 28 U.S.C. § 1367 because they are so related to the claims arising under the federal Lanham Act that they form part of the same case or controversy.

5. The Court has personal jurisdiction over Defendant because, on information and belief, Defendant resides in this District with its principal place of business located at 2700 Broderick Way, Mountain View, CA. Defendant also conducts substantial business, including developing, testing, and marketing its goods and services in the State of California and in this District. Defendant also markets its goods and services directly to consumers and investors, including consumers and investors in California, through a website, located at www.kittyhawk.aero, which is available to users in this District.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims for relief stated in this Complaint occurred in this District, because a substantial part of the intellectual property that is the subject of this action is located in this District, and because Defendant is subject to personal jurisdiction in this District or may be found in this District.

**INTRADISTRICT ASSIGNMENT**

7. This action is not subject to divisional assignment because the case arises under intellectual property laws.

**THE PARTIES**

8. Plaintiff Kittyhawk.io, Inc. is a Delaware corporation with its principal place of business in San Francisco, CA. Kittyhawk develops and sells software to program and control drone aircraft and related goods and services. Kittyhawk markets its goods and services at its website, www.kittyhawk.io.

9. Defendant Kitty Hawk Corporation is a Delaware corporation with its principal place of business in Mountain View, CA. On information and belief, Kitty Hawk Corporation develops and markets goods and services relating to autonomous and non-autonomous aircraft, including drone aircraft. Kitty Hawk Corporation markets its goods and services at its website, www.kittyhawk.aero.

# FACTUAL BACKGROUND

### A. Kittyhawk and Its Business.

10. Kittyhawk was founded in 2015 by Jon Hegranes and Joshua Ziering. It provides a range of software and mobile applications to program, control and navigate drone aircraft. Kittyhawk provides a connected platform of mobile apps and desktop tools to navigate airspace and control drone aircraft. In addition to providing tools to control drone aircraft, Kittyhawk's API allows users to store and process drone flight data.

11. Kittyhawk was incorporated in Delaware in May 2015. The KITTYHAWK mobile app was first made available to the public in July 2015 and has been used by consumers located throughout the United States. Since then the KITTYHAWK brand has developed significant brand recognition and goodwill.

12. The KITTYHAWK platform allows users to check airspace and weather, access Visual Flight Rules (regulations under which a pilot operates an aircraft in weather conditions) and Federal Aviation Administration ("FAA") facility maps, plan missions, log flight data, run safety checklists and risk assessments, and encrypt real-time audio and video streaming. The KITTYHAWK platform can provide aerial coverage and inspection of land and property and can track and store data obtained from flight patterns, including images and videos.

13. By offering a collection of tools and technologies for drone aircraft operation, Kittyhawk's services make drone flights safer and more valuable to its customers. The KITTYHAWK platform logs all drone flights, including certifications and checklists, allowing its users to ensure that they are complying with regulations applicable to drone aircraft.

14. Kittyhawk's sophisticated software and mobile application and platform have been used by both individuals and businesses across a span of industries, including energy, media, rail, infrastructure, and insurance. For example, oil and gas companies use the Kittyhawk technology to inspect equipment, tanks, and pipelines and to improve incident response times by using secure live video streaming of critical events. And leading insurance companies like The Travelers Companies, Inc. have partnered with Kittyhawk to use the KITTYHAWK software to provide efficient and accurate assessments of properties impacted by catastrophic events. The Kittyhawk platform is also

used by police, fire, and government organizations to monitor and record events that impact public safety.

15. Users of the KITTYHAWK platform make up the largest community of personal and commercial drone aircraft operators, logging flights on all seven continents. Indeed, over 600,000 drone flights have taken place using the KITTYHAWK platform.

16. Kittyhawk has met FAA requirements for secure data exchange, operating rules and airspace safety, and is an FAA-approved Unmanned Aircraft System Service Supplier.

17. In March 2019, Kittyhawk announced a new partnership with the FAA to provide the FAA's first mobile application for drone operators.

**B.   Kittyhawk's Strong Trademark Rights**

18. Well before Kitty Hawk Corporation adopted its Kitty Hawk Corporation trade name and began promoting itself under the Kitty Hawk mark, and since at least as early as 2015, Kittyhawk has been using, and continues to use, the KITTYHAWK mark in interstate commerce in connection with its software and mobile applications to program and control drone aircraft and related services. Through Kittyhawk's continued use of the KITTYHAWK mark since 2015, Kittyhawk has built strong common law rights in the mark.

19. Kittyhawk also owns pending U.S. Trademark Application No. 88/043477 for the mark KITTYHAWK in Class 9 for "software, namely, downloadable and non-downloadable software used to program and control drones" ("Kittyhawk Application") filed on July 18, 2018. Attached hereto as **Exhibit 1** is a copy of the TSDR record for the Kittyhawk Application.

20. Kittyhawk has spent considerable time and expense on the creation, development, promotion, and enforcement of its KITTYHAWK mark. Through Kittyhawk's widespread promotion and use, the KITTYHAWK mark has become strong and well-known in the drone aviation field. Consumers have come to know, identify, and recognize drone aircraft goods and services marketed in association with the mark KITTYHAWK as goods and services originating solely with, or authorized by, Kittyhawk. Accordingly, Kittyhawk has established tremendous goodwill in its KITTYHAWK mark.

21. Kittyhawk has received widespread national press regarding its cutting edge drone aircraft platform. For instance, Kittyhawk has been featured in prominent publications such as *The Wall Street Journal*, *Forbes*, *VentureBeat*, *TechCrunch*, and *Crunchbase*.

**C.     Defendant's Infringing Activity**

22. Upon information and belief, on October 9, 2017, Defendant changed its name from Zee.Aero Inc. to Kitty Hawk Corporation.  Kitty Hawk Corporation has its principal place of business in Mountain View, the heart of Silicon Valley and in close proximity to Plaintiff Kittyhawk's San Francisco headquarters.

23. Upon information and belief, Kitty Hawk Corporation, with actual and constructive knowledge of Kittyhawk's prior use of the distinctive KITTYHAWK mark, and in violation of Kittyhawk's trademark rights, adopted and began using the Kitty Hawk name and brand in connection with promoting autonomous and non-autonomous aircraft and air transportation services.

24. Kitty Hawk Corporation has used the Kitty Hawk trade name and mark in connection with the promotion of goods and services to the public in interstate commerce.  In 2017, Kitty Hawk Corporation released photos and a video showing its flying jet-ski-like personal aircraft.

25. Since that time, Kitty Hawk Corporation has promoted and marketed its recreational aircraft and aircraft transportation services in connection with its infringing Kitty Hawk name and mark, including on its website and through social media.

26. Defendant's promotional efforts and the press it has received have both increased in recent months. In September 2018, for example, Kitty Hawk Corporation prominently advertised and displayed on its Facebook page an article from *The Wall Street Journal* covering the company and describing reporter Dan Neil's recent test flight in Kitty Hawk Corporation's personal aircraft.[1] Kitty Hawk Corporation's marketing has focused on both non-autonomous air transportation (the "flying car") and autonomous aircraft and related transportation services.

---

[1]   Kitty Hawk Corporation's Facebook page is available online here: https://www.facebook.com/kittyhawkaero/ (last accessed on March 24, 2019). The Wall Street Journal article is available online here: https://www.wsj.com/articles/the-first-flying-car-review-1536753601?fbclid=IwAR1SksL6ceM6cS_fBMgEwZVrd5aOmvK937oVGMK-nYQmfG81ZD-d6e5T6Nc  (last accessed on March 24, 2019).

1    27.    Upon information and belief, Kitty Hawk Corporation has taken significant steps to market its aircraft and transportation services, including via numerous press releases and videos marketing its recreational aircraft prototypes. Kitty Hawk Corporation has its own YouTube channel featuring different videos showing, displaying and advertising its personal aircrafts in flight.[2] All of Kitty Hawk Corporation's marketing efforts prominently use the Kitty Hawk mark to promote its goods and services.

28.    Upon information and belief, Kitty Hawk Corporation has made numerous contacts and solicitations to potential consumers and investors relating to its aircraft and transportation services, under the Kitty Hawk mark and trade name.

29.    Kitty Hawk Corporation advertises and promotes its first personal flying vehicle, "Flyer by Kitty Hawk," on its website, flyer.aero, and allows customers to "connect" with Defendant and learn when they can fly the "Flyer by Kitty Hawk."  Although Kitty Hawk Corporation has not publicly yet released a price for its flying vehicle, upon information and belief it has allowed customers to buy memberships and priority placement on a waitlist to purchase one.

30.    Kittyhawk has not licensed or otherwise authorized Kitty Hawk Corporation's use of the KITTYHAWK mark, or any other mark containing the term KITTYHAWK.

31.    Defendant's adoption and use of the company and trade name "Kitty Hawk" and promotion of goods and services under the "Kitty Hawk" mark infringes Kittyhawk's distinctive KITTYHAWK mark.  Defendant's trade name and mark is identical to Kittyhawk's aurally, and the only visual difference in the two names is a space between the words "Kitty" and "hawk," although Defendant at times does not include the space between the two words.

32.    The companies use the KITTYHAWK mark for closely related goods and services. Both companies develop disruptive technology in the aviation space that provide methods for operating various forms of autonomous aircrafts.

33.    As a result of Kitty Hawk Corporation's recent extensive and high-profile marketing and promotion, the public will likely and have associated the KITTYHAWK mark with Defendant

---

[2] Kitty Hawk Corporation's Youtube channel is located online at: https://www.youtube.com/channel/UC8b-KER9YNFLJXGWPWykFAQ/featured (last accessed on March 24, 2019).

Kitty Hawk Corporation, the junior use mark, rather than Plaintiff Kittyhawk, the senior user of the KITTYHAWK mark. This is, therefore, a case of both forward and reverse confusion.

34. The likelihood of confusion between the two companies is enhanced as frequently the very first listing that shows up in response to a search on the term "Kittyhawk" is a link to Defendant Kitty Hawk Corporation's website.

35. On June 27, 2018, Kitty Hawk Corporation filed an intent-to-use trademark application U.S. Trademark Application No. 88/017234 for KITTYHAWK for use in connection with "aircraft" in International Class 12, for "air transportation services" in International Class 39 and for "providing recreational aviation rides in aircraft" in International Class 41 ("Defendant's Application").

36. In June 2018, Kitty Hawk Corporation invested in Verity Studios, a proclaimed leader in indoor drone technology, further illustrating the close overlap between Kittyhawk's and Kitty Hawk Corporation's goods and services.

37. In July 2018, after learning of Kitty Hawk Corporation and its infringing use of the Kitty Hawk mark, Kittyhawk's counsel contacted Kitty Hawk Corporation's counsel regarding Kittyhawk's senior rights to the KITTYHAWK mark and the confusion that Kitty Hawk Corporation's use of the same mark for closely related goods and services was creating.

38. After further discussions, the parties were unable to amicably resolve their dispute, and Kittyhawk requested that Defendant cease and desist using the infringing Kitty Hawk name and mark. Despite Kittyhawk's repeated demands, and despite the extensive evidence to the contrary, Kitty Hawk Corporation denies that there is any likelihood of confusion due to the parties' concurrent use of the name and mark and has refused to cease use of it.

**D. Defendant's Infringing Use Is Creating Massive Confusion in the Marketplace**

39. Not surprisingly, Kitty Hawk Corporation's adoption of the same mark for closely similar goods and services has engendered numerous instances of confusion in the marketplace. Just a few notable examples include:

- The Wall Street Journal mistakenly referring to Kitty Hawk Corporation as "Kittyhawk" (screenshot attached as **Exhibit 2**);

- A Bloomberg reporter confusing Kitty Hawk Corporation and Kittyhawk (screenshot attached as **Exhibit 3**);
- A verified twitter user with more than 30,000 followers publicly confusing Kittyhawk and Kitty Hawk Corporation (screenshot attached as **Exhibit 4**);
- A customer inquiry to Kittyhawk about the price and availability of flying cars seen on the net (screenshot attached as **Exhibit 5**);
- Potential investors mistakenly reviewing Kitty Hawk Corporation's website and information in preparation for meetings with Kittyhawk;
- Kittyhawk receiving a number of job inquiries and applications confusing the companies.
- Even highly sophisticated institutional investors like Morgan Stanley have released listings mistakenly believing Kittyhawk and Kitty Hawk Corporation are the same company.

40.     The fact that highly sophisticated investors, the media, and analysts have confused the companies and their products indicates a very strong likelihood of confusion amongst consumers of both Kittyhawk's and Kitty Hawk Corporation's consumers.  This confusion will only grow as Kitty Hawk Corporation's products permeate the U.S. marketplace.

41.     The USPTO has also indicated a likelihood of consumer confusion.  On November 6, 2018, the USTPO issued an advisory likelihood of confusion refusal based on Defendant's prior-filed KITTY HAWK Application Ser. No. 88/017234 in the event Defendant's KITTY HAWK application matures to registration.

42.     As more time elapses, and as the companies attract more and more media attention, confusion grows in the marketplace with even sophisticated industry insiders routinely confusing the companies.

43.     The extensive and ongoing confusion in the marketplace is affecting and inhibiting Kittyhawk's ability to promote its KITTYHAWK mark, its business and its goods and services.  The impact of Kittyhawk's significant news announcements, such as its recent partnership with the FAA, have been reduced by the perceived association with Kitty Hawk Corporation rather than Kittyhawk.

44.     Kitty Hawk Corporation's use of the Kitty Hawk name and mark has irreparably injured Kittyhawk in its business and intellectual property and threatens to continue to irreparably

1  injure Kittyhawk unless enjoined by this Court. Kitty Hawk Corporation's conduct has also deprived
2  Kittyhawk of value that rightfully belongs to it through loss of goodwill.

**FIRST CAUSE OF ACTION**
**False Designation of Origin**
**Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A)**

45. Kittyhawk incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

46. In addition to its pending trademark application, Kittyhawk owns and enjoys valid, enforceable and fully subsisting common law trademark rights in the KITTYHAWK mark in California and throughout the United States.

47. Kittyhawk has had valid and protectable rights in the KITTYHAWK name and mark since prior to Kitty Hawk Corporation's first use of the Kitty Hawk name and mark.

48. On information and belief, Kitty Hawk Corporation has used the Kitty Hawk name and mark in commerce in the United States in connection with the sale, offering for sale, distribution, and promotion of its goods and services. Kitty Hawk Corporation's use of the Kitty Hawk name and mark in commerce constitutes false designation of origin, as it is likely to cause confusion, or to cause mistake, or to deceive consumers as to an affiliation, connection, or association between Kittyhawk and Kitty Hawk Corporation, or as to the origin, sponsorship, or approval of Kitty Hawk Corporation's goods or services by Kittyhawk and vice versa.

49. As a direct and proximate result of Kitty Hawk Corporation's wrongful conduct, Kittyhawk has been, is now, and will be irreparably injured and damaged, and unless Kitty Hawk Corporation is enjoined by the Court, Kittyhawk will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Kittyhawk has no adequate remedy at law.

50. On information and belief, as a direct and proximate result of Kitty Hawk Corporation's saturation of the market with its promotions and press coverage, consumers are likely to mistakenly associate the KITTYHAWK mark with Kitty Hawk Corporation, the junior use of the Kitty Hawk name and mark, instead of Kittyhawk, the senior user of the KITTYHAWK mark. Kitty Hawk Corporation's use of the Kitty Hawk name and mark is likely to cause both forward and reverse confusion, and constitutes a violation of 15 U.S.C. § 1125(a).

51. On information and belief, Kitty Hawk Corporation has acted willfully and should be held liable for treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117(a) in this exceptional case.

## SECOND CAUSE OF ACTION
## Common Law Trademark Infringement

52. Kittyhawk incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

53. Kittyhawk owns and enjoys valid, enforceable and fully subsisting common law trademark rights in the KITTYHAWK mark in California and throughout the United States.

54. Kitty Hawk Corporation, through the conduct and violations described above, is engaging in trademark infringement, trade name infringement, and unfair competition against Kittyhawk under California common law.

55. As a direct and proximate result of Kitty Hawk Corporation's wrongful conduct, Kittyhawk has and will be irreparably injured and damaged, and unless Kitty Hawk Corporation is enjoined by the Court, Kittyhawk will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Kittyhawk has no adequate remedy at law.

56. On information and belief, Kitty Hawk Corporation has acted willfully.

## THIRD CAUSE OF ACTION
## Unlawful and Unfair Business Practices and False Advertising
## California Business & Professions Code § 17200

57. Kittyhawk incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

58. Kitty Hawk Corporation's conduct, described above, constitutes unlawful, unfair or fraudulent business acts or practices and as such constitutes unfair competition under California Business & Professions Code §§ 17200 *et seq*.

59. Kitty Hawk Corporation's conduct constitutes unlawful and unfair business acts or practices in that Kitty Hawk Corporation has engaged in unfair competition through using a false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

60. As a direct and proximate result of Kitty Hawk Corporation's wrongful and unfair conduct, Kittyhawk has been, is now, and will be irreparably injured and damaged, and unless Kitty

Hawk Corporation is enjoined by the Court, Kittyhawk will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Kittyhawk has no adequate remedy at law.

61. On information and belief, Kitty Hawk Corporation has acted willfully.

**FOURTH CAUSE OF ACTION**
**Deceptive, False, and Misleading Advertising**
**California Business & Professions Code § 17500**

62. Kittyhawk incorporates by reference and realleges all previous paragraphs as though fully set forth herein.

63. Kitty Hawk Corporation's conduct, described above, constitutes false and misleading advertising under California Business & Professions Code §§ 17500 *et seq*.

64. Kittyhawk has valid and protectable rights in the KITTYHAWK name and mark since prior to Kitty Hawk Corporation's first use of the Kitty Hawk name and mark.

65. On information and belief, Kitty Hawk Corporation had actual knowledge of Kittyhawk's ownership and use of the KITTYHAWK mark prior to adoption and use of the Kitty Hawk name and mark in connection with the promotion of Kitty Hawk Corporation's goods and services.

66. Kittyhawk has not authorized Kitty Hawk Corporation to use the Kitty Hawk name and mark in connection with the promotion of Kitty Hawk Corporation's goods and services.

67. Kitty Hawk Corporation's unauthorized use of the Kitty Hawk name and mark is likely to cause consumers to believe that there is a relationship between Kitty Hawk Corporation and Kittyhawk and/or that Kitty Hawk Corporation's products and services are associated with or come from Kittyhawk, and/or vice versa, when they do not, and such association constitutes false and misleading advertising in violation of California Business & Professions Code §§ 17500 *et seq*.

68. Kitty Hawk Corporation's use of the Kitty Hawk name and mark will permit Kitty Hawk Corporation to capitalize on Kittyhawk's success, goodwill, and reputation in promoting itss goods and services. Further, Kitty Hawk Corporation's false and misleading advertising has harmed and is likely to continue to harm Kittyhawk by diverting business from Kittyhawk to Kitty Hawk

Corporation and by discouraging or frustrating potential users of Kittyhawk's goods and services from being able to consume those goods and services.

69. As a direct and proximate result of Kitty Hawk Corporation's wrongful conduct, Kittyhawk has been, is now, and will be irreparably injured and damaged, and unless Kitty Hawk Corporation is enjoined by the Court, Kittyhawk will suffer further harm to its name, reputation, and goodwill. This harm constitutes an injury for which Kittyhawk has no adequate remedy at law.

70. On information and belief, Kitty Hawk Corporation has acted willfully.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Kittyhawk respectfully requests that the Court enter judgment against Defendant Kitty Hawk Corporation as follows:

1. Preliminarily and permanently enjoining Defendant, and all persons in active concert or participation with it, from directly or indirectly:

- using the Kitty Hawk name or mark, the KITTYHAWK name or mark, or any other mark, word, company name, trade name, brand name, or product name incorporating or confusingly similar to KITTYHAWK;
- from representing by any means whatsoever, that Plaintiff and its goods and services are associated in any way with Defendant or its KITTYHAWK mark;
- from doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead others to believe that Plaintiff's goods or services come from or are the products or services of Defendant, or are somehow sponsored by or associated with Defendant; and
- from otherwise unfairly competing with Plaintiff or misappropriating Plaintiff's reputation and goodwill.

2. Ordering Defendant to deliver up for destruction all products, packaging, labels, wrappers, signs, prints, advertisements, electronic files and other articles bearing the infringing Kitty Hawk name or mark.

3. Awarding Plaintiff its actual damages and Defendant's unjust and unlawful profits arising from Defendant's misconduct;

4. Ordering restitution to Plaintiff for Defendant's unjust enrichment and unlawful gains to the detriment of Plaintiff.

5. Awarding Plaintiff additional damages and profits of three times the actual damages and profits, together with attorneys' fees.

6. Awarding exemplary damages in an amount to be determined by jury.

7. Awarding Plaintiff its costs of suit, attorney's fees, and reasonable expenses in this exceptional case;

8. Awarding pre-and post-judgment interest at the maximum rate allowable by the law; and

9. Granting such other relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 2, 2019                    WINSTON & STRAWN LLP

By: */s/ Jennifer A. Golinveaux*
Jennifer A. Golinveaux
Diana Hughes Leiden
Irina V. Lyapis

Attorneys for Plaintiff Kittyhawk.io, Inc.