JENNIFER A. GOLINVEAUX (SBN 203056)
IRINA V. LYAPIS (SBN 298723)
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111-5840
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
Email: jgolinveaux@winston.com;
       ilyapis@winston.com

DIANA HUGHES LEIDEN (SBN 267606)
WINSTON & STRAWN LLP
333 South Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email: dhleiden@winston.com

Attorneys for Plaintiff
KITTYHAWK.IO, INC.

COLLEEN BAL, State Bar No. 167637
JOSHUA A. BASKIN, State Bar No. 294971
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza, Spear Tower, Suite 3300
San Francisco, CA 94105-1126
Telephone: (415) 947-2000
Facsimile: (415) 947-2099
Email: cbal@wsgr.com;
       jbaskin@wsgr.com

JOHN L. SLAFSKY, State Bar No. 195513
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 493-6811
Email: jslafsky@wsgr.com

Attorneys for Defendant
KITTY HAWK CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KITTYHAWK.IO, INC., a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>KITTY HAWK CORPORATION, a Delaware corporation<br><br>Defendant. | **Case No. 5:19-cv-01714**<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:  July 3, 2019<br>Time:  10:00 am<br>Place:  4th Floor, Courtroom 5<br>         Robert F. Peckham Federal Building<br>         280 South 1st Street<br>         San Jose, CA 95113<br><br>Judge:  Honorable Nathanael Cousins |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Northern District Local Rule 16, and the Standing Order for All Judges of the Northern District of California regarding Contents of Case Management Statements, Plaintiff Kittyhawk.io, Inc. ("Kittyhawk"), and Defendant Kitty Hawk Corporation, hereby submit this Joint Case Management Conference Statement.

## I. JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the federal Lanham Act relating to trademarks (15 U.S.C. § 1125(a)), and this Court has jurisdiction over the state law unfair competition claims herein pursuant to 28 U.S.C. §§ 1338(b) and 1367 because such claims are joined with a substantial and related claim under the federal Lanham Act.

Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims occurred in this District, because a substantial part of the intellectual property that is the subject of this action is located in this District, and because Defendant is subject to personal jurisdiction in this District or may be found in this District.

## II. FACTS

### A. Plaintiff Kittyhawk's Statement

Plaintiff Kittyhawk is the senior user of the KITTYHAWK trademark and trade name, with rights dating back to at least as early as May 2015. Kittyhawk uses the KITTYHAWK mark in interstate commerce in connection with goods and services related to drone aircraft, including its state of the art software and mobile applications to program and control drone aircraft and related services. Kittyhawk's sophisticated software and mobile application and user platform have been used by both individuals and businesses across a span of industries. Users of the KITTYHAWK platform make up the largest community of personal and commercial drone aircraft operators in the U.S. Through Kittyhawk's widespread promotion and use, the KITTYHAWK mark has become very strong and well-known in the drone aviation field.

On March 18, 2010, Levt, Inc. was incorporated in Delaware. On January 20, 2011 Levt, Inc. changed its name to Zee. Aero Inc. On October 09, 2017, Zee. Aero Inc. filed a certificate of merger, changing its name to Kitty Hawk Corporation, with the California Secretary of State. In 2017,

1  Defendant Kitty Hawk Corporation began using the nearly identical Kitty Hawk trade name and
2  mark in connection with its autonomous and non-autonomous aircraft and air transportation services,
3  which are closely related to Plaintiff's drone aircraft goods and services. Defendant's use of the
4  nearly identical trade name and trademark is creating extensive and ongoing marketplace confusion
5  and severely effecting Plaintiff's ability to promote its business.

### B. Defendant Kitty Hawk Corporation's Statement

The name Kitty Hawk has been synonymous with flight since the Wright Brothers conducted the first controlled flight of a plane in Kitty Hawk, North Carolina in 1903.  The name has been used repeatedly by businesses, the military and others for over a century.  Defendant Kitty Hawk Corporation was founded in 2010 with a goal of building aircraft to encourage aerial mobility and improve both urban and natural environments.  Defendant began operating under the name Kitty Hawk in 2015.  The company is based in Mountain View, where it develops electric personal aircraft.  Its Kitty Hawk Flyer, for example, has been likened to a "flying car."   Kitty Hawk Corporation neither develops nor sells goods or services in the same industry as Kittyhawk, and, in particular, has never offered software to program or control drones.  Purchasers of its products and services will exercise considerable care before entering into any transaction.  Kitty Hawk Corporation thus denies that its use of the name Kitty Hawk has generated, or will lead to, confusion about the source of the parties' respective goods and services.

### C. Principal Factual Issues in Dispute

**Plaintiff's Statement**

The principal factual issues in dispute are as follows: whether the parties' concurrent use of the same mark in the aviation field is likely to cause consumer confusion; whether such use has already caused extensive actual confusion; and the degree to which Plaintiff Kittyhawk has been damaged by Defendant's infringing use.

**Defendant's Statement**

The principal factual issues in dispute are as follows: whether Plaintiff's claimed trademark is sufficiently distinctive; whether Plaintiff has trademark priority over Defendant; whether the parties' concurrent use of their marks is likely to cause consumer confusion; whether such use has

already caused confusion; the extent to which the parties' respective goods and services, trade channels, and consumers do or do not overlap; the sophistication of and level of care exercised by their respective customers; and whether Plaintiff has been damaged, if at all, by Defendant's use of the name Kitty Hawk and the extent thereof.

### III. LEGAL ISSUES

**Plaintiff's Statement**

Plaintiff believes the legal issues in this case are straightforward:

- Plaintiff asserts Federal trademark infringement claims arising under the Lanham Act, 15 U.S.C. § 1125, as well as common law trademark infringement. The issue in determining trademark infringement is whether Defendant's use of Plaintiff's marks is likely to cause confusion among consumers. *See, e.g., Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1007 (9th Cir. 2001).

- Plaintiff also asserts California state law claims for Unlawful and Unfair Business Practices and Deceptive, False and Misleading Advertising (Cal. Bus. & Prof. Code §§ 17200 and 17500). The issues for the California claims for trademark infringement, trade name infringement, and unfair competition closely track those of the comparable federal claims. *See Glow Indus., Inc. v. Lopez*, 252 F.Supp.2d 962, 975 (C.D.Cal.2002) ("The standard for Lanham Act unfair competition is the same as that for Lanham Act trademark infringement .... The elements of [California] state claims for trademark infringement and unfair competition are substantially similar to those of comparable federal claims.")

**Defendant's Statement**

Defendant believes the case presents the following legal questions:

- Whether Defendant's use of its mark is likely to cause confusion;
- Whether Plaintiff has rights in its claimed mark that are sufficiently distinctive and superior to Defendant's rights;
- Whether Plaintiff is barred from relief under the doctrine of laches;
- Whether Plaintiff is barred from relief under the doctrine of estoppel;

- Whether Plaintiff is barred from relief under the doctrine of acquiescence;
- Whether Plaintiff is barred from relief due to its failure to mitigate damages;
- Whether Plaintiff's claims are barred by the doctrine of waiver

**Principal Legal Issues in Dispute**

The parties agree that the principle disputed point of law is whether a likelihood of consumer confusion would arise from the parties' respective uses of the name Kitty Hawk in connection with their respective goods and services.

**IV.   MOTIONS**

Plaintiff's Statement

There are no prior or pending motions. Although the issue of trademark infringement is a mixed issue of fact and law, Plaintiff anticipates that the issues here are so clear that Plaintiff's claim may well be amenable to summary judgment.

Defendant's Statement

Defendant anticipates filing a motion for summary judgment before trial.

**V.   AMENDMENT OF PLEADINGS**

Plaintiff's Statement

Plaintiff may seek to amend its complaint in order to include other trademark application(s) filed by Defendant. Plaintiff reserves the right to amend its claims and/or add new parties at any point prior to the deadline to amend pleadings as established by the Court.

Defendant's Statement

Defendant submits that the parties should not anticipate amending their claims or adding new parties, and that any such amendments should be made within 90 days of the date of the initial case management conference.

**VI.   EVIDENCE PRESERVATION**

Both parties' counsel have addressed the requirement to preserve evidence with their clients (including electronically stored information) relevant to the issues reasonably evident in this action.

**VII.   DISCLOSURES**

The parties have exchanged Rule 26(a)(1) disclosures.

## VIII. DISCOVERY

Other than Rule 26(a)(1) disclosures, no discovery has been taken to date.

The parties need discovery on the factual and legal issues discussed above, including likelihood of and actual confusion engendered by Defendant's use of the Kitty Hawk mark; the selection, adoption, and use of Plaintiff Kittyhawk's trade name and trademark including the scope of current and anticipated use; the selection, adoption, and use of Defendant's Kitty Hawk trade name and trademark including the scope of current and anticipated use; and Plaintiff's claimed damages.  The parties have agreed to stipulate to a Protective Order in this case to govern the production and use of documents and information in this litigation. The parties intend to submit a joint motion for entry of a protective order.  At this time, the parties do not anticipate any limitations or modifications to the discovery rules as set forth in the Federal Rules of Civil Procedure and applicable local rules.

Pursuant to Fed. R. Civ. P. 26(f)(3), the parties stipulate that they will produce electronically stored information in TIFF format. Excel, Powerpoint, and other media files (e.g., .wav, .avi, .mpg, .mov, etc.) shall be produced in native file format in the first instance, with a TIFF image placeholder for native files in the production.  Electronically stored information will be produced with at least the following metadata (where available):

1. Date Sent
2. Date Modified
3. Date Created
4. To
5. From
6. CC
7. BCC
8. Custodian
9. Subject
10. MD5Hash or some other unique electronic identifier

## IX. CLASS ACTIONS

This is not a class action.

## X. RELATED CASES

On June 3, 2019, Plaintiff filed two 90-Day Requests for Extension of Time to Oppose Defendant's pending trademark applications for KITTY HAWK (Ser. Nos. 88005040 and 88017234) at the TTAB. The extension was granted and Plaintiff has until September 11, 2019 to file oppositions at the TTAB.

## XI. RELIEF

Plaintiff's Claims

Plaintiff has requested entry of judgment in its favor and against Defendant as follows:

a) Preliminarily and permanently enjoining Defendant: from use of the Kitty Hawk trade name and trademark; from representing by any means whatsoever, directly or indirectly, that Defendant and its goods and services are associated in any way with Plaintiff or its products or services, and from otherwise taking any other action likely to cause confusion, mistake, or deception on the part of consumers; from doing any other acts calculated or likely to cause confusion or mistake in the mind of the public or to lead consumers to believe that Defendant's goods and services come from Plaintiff, or are somehow sponsored by or associated with Plaintiff; and

b) from otherwise unfairly competing with Kittyhawk or misappropriating Kittyhawk's reputation and goodwill;

c) Ordering Defendant to deliver up for destruction all products, packaging, labels, wrappers, signs, prints, advertisements, electronic files and other articles bearing the infringing Kitty Hawk trade name or trademark;

d) Awarding Kittyhawk its actual damages and Defendant's unjust and unlawful profits arising from Defendant's misconduct;

e) Ordering restitution to Kittyhawk of Defendant's unjust enrichment and unlawful gains to the detriment of Kittyhawk;

f) Awarding Kittyhawk additional damages and profits of three times the actual damages and profits, together with attorneys' fees;

    g) Awarding Kittyhawk exemplary damages in an amount to be determined by jury;

    h) Awarding Kittyhawk costs of suit attorney's fees, and reasonable expenses in this exceptional case; and

    i) Granting such other relief as the Court may determine just and equitable.

<u>Defendant's Claims</u>

Defendant Kitty Hawk Corporation has requested entry of judgment in its favor and against Plaintiff as follows:

    a) Ordering that Plaintiff shall take nothing by way of its Complaint;

    b) Awarding Kitty Hawk Corporation costs incurred in this case;

    c) Awarding Kitty Hawk Corporation reasonable attorneys' fees incurred in this case; and

    d) Granting such other and further relief as the Court may deem just and proper.

## XII. SETTLEMENT AND ADR

The parties have complied with ADR L.R. 3-5 and filed the required ADR certification documents. At the appropriate time, the parties anticipate using the services of a private mediator no later than October 31, 2019.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

## XIV. OTHER REFERENCES

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV. NARROWING OF ISSUES

The parties maintain that the issues before the Court are sufficiently narrow for discovery and trial to proceed.

## XVI. EXPEDITED TRIAL PROCEDURE

The parties do not believe this is the type of case that can be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

A. **Parties' Proposed Schedules**

| Event | Plaintiff's Proposed Date | Defendant's Proposed Date |
| --- | --- | --- |
| Last Day to Amend Complaint | November 29, 2019 | October 1, 2019 |
| Non-Expert Discovery Cutoff | February 10, 2020 | June 26, 2020 |
| Opening Expert Reports | February 24, 2020 | August 7, 2020 |
| Rebuttal Expert Reports | March 9, 2020 | September 11, 2020 |
| Expert Discovery Cutoff | March 27, 2020 | October 2, 2020 |
| Further Status Conference Statement Due | April 3, 2020 | At the convenience of the Court |
| Last Day to File Dispositive Motions | April 13, 2020 | November 13, 2021 (60 days before the hearing) |
| Further Status Conference | April 17, 2020 | At the convenience of the Court |
| Hearing Date for Dispositive Motions | At least 35 days after filing. | January 12, 2021, 1:00 p.m. |
| Settlement Conference | No later than 30 days prior to the Pre-Trial Conference | No later than 30 days prior to the Pre-Trial Conference |
| Pre-Trial Conference | June 30, 2020 | February 10, 2021, 2:00 p.m. |
| Trial | July 13, 2020, 9:00 a.m. | February 16, 2021, 9:00 a.m. |

Plaintiff's Statement

Plaintiff believes this is a straightforward case and can be set for trial within a year.

Defendant's Statement

Defendant believes that the parties will need approximately one year to complete fact discovery and has proposed dates consistent with that timing.

**XVIII. TRIAL**

Plaintiff has served a Jury Demand. At this time, the parties expect the trial to last a minimum of five court days.

**XIX.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

<u>Plaintiff</u>

Kittyhawk has made disclosures of interested entities or persons. Pursuant to Federal Rule of Civil Proc. 7.1 and Civil L.R. 3-16, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in part of the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:

The following listed persons and entities have a financial interest in Kittyhawk:

1. Bonfire Ventures
2. Freestyle Ventures
3. The Flying Object (TFO)
4. The Boeing Company
5. The Travelers Companies, Inc.
6. Joshua Ziering
7. Jon Hegranes
8. David McKie

<u>Defendant</u>

Kitty Hawk Corporation has made disclosures of interested entities or persons. Pursuant to Federal Rule of Civil Proc. 7.1(a), Kitty Hawk Corporation states that it has no parent corporation. No publicly held corporation owns 10% or more of Kitty Hawk Corporation's stock.

Pursuant to Civil Local Rule 3-15, other than interests held by Kitty Hawk Corporation employees, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in part of the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:

One Aero, LLC

**XX.   PROFESSIONAL CONDUCT**

The attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XXI.  SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER**

The parties are unaware of additional such matters at this time.

Dated:  June 26, 2019                    WINSTON & STRAWN LLP

By:  */s/ Jennifer A. Golinveaux*
       Jennifer A. Golinveaux
       Diana Hughes Leiden
       Irina V. Lyapis

Attorneys for Plaintiff Kittyhawk.io, Inc.

Dated:  June 26, 2019

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:  */s/ Joshua A. Baskin*
       COLLEEN BAL
       JOHN L. SLAFSKY
       JOSHUA A. BASKIN

Attorneys for Defendant Kitty Hawk Corporation

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to Civil L.R. 5.1, I, Jennifer A. Golinveaux, attest that concurrence in the filing of this document has been obtained from the other signatory listed on this signature page.

*/s/ Jennifer A. Golinveaux*